PER CURIAM.
The State of Florida appeals from the denial of a request for restitution. We reverse.
At trial, the jury convicted Dudley Cohn (“the defendant”) of organized fraud. At sentencing, the State requested that the defendant be ordered to pay full restitution to his victims. The trial court held an evidentiary hearing where two of the victims testified.
After hearing from the defendant and the victims, the trial court denied the State’s request for restitution. The trial court gave two reasons for its ruling, that: (1) the victims had or could obtain damages in civil suits; and (2) the victims’ losses resulted from gambling in speculative real estate investments.
On appeal, the State asserts that the trial court abused its discretion in denying restitution because neither of the reasons given is legally sufficient. The defendant contends the trial court properly denied restitution. We agree with the State.
Absent clear and compelling reasons not to do so, a trial court must order a defendant to make restitution to his or her victims for damages or loss caused by the defendant’s offense. § 775.089(l)(a), Fla. Stat. (2009). The statute further provides that a restitution order will not bar any subsequent civil recovery, although the amount of restitution shall be set off against such recovery. § 775.089(8). Thus, this Court has held that “[i]t is not permissible to deny restitution because the victim intends to file, or has actually filed, a civil lawsuit for the same loss.” State v. Hitchmon, 678 So.2d 460, 462 (Fla. 3d DCA 1996).
Here, the trial court abused its discretion in denying restitution based on the victims’ ability to file civil actions to recover their losses. Further, the jury *612 verdict finding the defendant guilty of organized fraud determined what caused the victims’ loss. Therefore, the trial court improperly considered the speculative nature of the land transactions in denying restitution.
Accordingly, we reverse the denial of restitution, and remand for further proceedings to determine the amount of restitution in accordance with the statute. § 775.089(6)(b) (“The criminal court ... shall consider the financial resources of the defendant, the present and potential future financial needs and earning ability of the defendant and his or her dependents, and such other factors which it deems appropriate.”).
Reversed and remanded for further proceedings.